IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| AMY L. CLARK, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 1:04CV1089-W |
| ) | WO |
| JO ANNE B. BARNHART, ) | |
| Commissioner of Social Security, ) | |
| ) | |
| Defendant. ) | |

**ORDER**

This action is presently before the court on plaintiff's motion for attorney fees pursuant to the EAJA, filed on August 19, 2005 (Doc. # 17). The Commissioner argues that the motion is due to be denied as untimely.

Judgment was entered in this action on May 20, 2005. (Doc. # 16). The EAJA requires that a petition for fees be filed "within thirty days of final judgment in the action." 28 U.S.C. 2412(d)(1)(B). The thirty-day period begins to run when the court's judgment became final, which occurs when the judgment is no longer appealable. See Melkonyan v. Sullivan, 501 U.S. 89, 102 (1991).

The judgment in this case became final sixty days after it was entered. See Fed. R. App. P. 4(a)(1)(B). The EAJA filing period expired on August 18, 2005, thirty days later. Since the present petition was not filed until August 19, 2005, it is untimely. Plaintiff did not seek leave to reply to the Commissioner's arguments regarding timeliness and has

advanced no argument that equitable tolling is appropriate. Plaintiff bears the burden of establishing a basis for equitable tolling. See Arce v. Garcia, 400 F.3d 1340, 1346-47 (11th Cir. 2005). The record before the court does not evidence the "extraordinary circumstances" required to justify application of the equitable tolling doctrine. See id. Accordingly, the court has no legal basis on which to grant the motion.

Therefore, it is

ORDERED that plaintiff's application for attorney fees (Doc. # 17) is DENIED.

DONE, this 2nd day of November, 2005.

/s/ Susan Russ Walker
SUSAN RUSS WALKER
UNITED STATES MAGISTRATE JUDGE